Cheshire,
May 1, 1917.

### STATE *v.* EUGENE A. WEEKS.

The court has no power to allow a claim for the fees of expert witnesses employed
by the counsel of a defendant indicted for murder to examine his mental con-
dition, the defence of insanity having been suggested.

INDICTMENT for murder. The defence of insanity was suggested,
and bills were presented by counsel for the defendant for the fees
of experts employed to examine the defendant. No authority had
been given to employ them at the expense of the county.

At the October term, 1916, of the superior court *Branch,* J., dis-
allowed the claim, allowed the defendant's exception to the order,
and transferred the question of authority to allow the bills against
the county.

*James P. Tuttle,* attorney-general, *Philip H. Faulkner,* county
solicitor, and *James H. Moynihan* (*Mr. Moynihan* orally), for the
state.

*Joseph Madden* (by brief and orally), for the defendant.

PEASLEE, J. It does not directly appear upon what ground the
order excepted to was made; but as the case states that the question

of authority is transferred, it is assumed that allowance of the claim was refused upon the ground that the court had no power to take such action.

The case appears to be one of new impression. No precedent has been found for the course here urged in behalf of the defendant. The proposition is that the public shall pay the expenses incurred by the defendant outside of court in the preparation of his defence. Of course there can be no common law authority for such an order. By that law the defendant "was denied compulsory process for his witnesses; and when they voluntarily appeared in his behalf, he was not permitted to examine them on oath, nor to have the aid of counsel in his defence, except only as regarded the questions of law." *United States* v. *Reid*, 12 How. 361, 364.

It required legislative action to give the defendant the rights he would have in a civil cause. 4 Blk. Com. 360. It is manifest that a right so acquired cannot be extended so as to include a privilege or right never known to the common law, and in no way created by any statute. The right to the state's process to compel the attendance of the defendant's witnesses in certain cases (Laws 1907, c. 136, s. 1) originated in this state with the act of 1829. Laws, *ed.* 1830, *p.* 149. The changes which have from time to time been made in the statute, show a continuing legislative understanding that the power of the court to grant a person charged with crime assistance in his defence at the public expense is wholly statutory. R. S., c. 225, s. 3; Laws 1859, c. 2221, ss. 1, 5; Laws 1862, c. 2608, ss. 1, 2; G. S., c. 243, ss. 1, 4; Laws 1873, c. 47; G. L., c. 261, ss. 1, 4. See also, *State* v. *Arlin*, 39 N. H. 179, and *State* v. *Archer*, 54 N. H. 465, where it seems to be assumed that authority to act must be found in the statute.

The statute governing the rights of persons charged with the more serious crimes (P. S., c. 254) was revised in 1901 (Laws 1901, c. 104), and again amended in 1907. Laws 1907, c. 136. By the latest amendment the requisites for obtaining state process to compel the attendance of witnesses for the defendant, are given in detail. It must appear that the defendant is poor and unable to defray the expense and that injustice may be done if provision therefor is not made at the public expense. The subject has evidently received careful legislative consideration, and there is nothing in any of the statutes which have been enacted which gives color to the idea that authority has been conferred to charge the public with the expenses incurred by the defendant in preparing for trial,

except so far as counsel fees and those for travel and attendance of witnesses are concerned.

It was urged by the state in argument that the statute providing that "All legal costs attending the arrest, examination, or conveyance of an offender, except when directed or approved in writing by the counsel of the state, or county commissioners, shall be paid by the complainant," (P. S., *c*. 256, *s*. 9) was applicable to this claim; and that it must be disallowed because its incurrence had not been previously authorized by the state's counsel. But that statute has no application to the claim here presented. It relates solely to expenses incurred in prosecutions for alleged crimes, and has nothing to do with the regulation of allowances to or on behalf of defendants.

The state's contention that the court has no power to allow this claim is sound. But the reason for this result is that no such authority has been conferred upon the court, and not that the consent of the state's counsel is essential.

*Exception overruled.*

All concurred.